# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARREN PETTY,<br><br>    Plaintiff,<br><br>v.<br><br>DEKALB COUNTY, GWINNETT COUNTY, HENRY COUNTY, ROCKDALE COUNTY, CITY OF AVONDALE, KEITH LEWIS, CORPORAL HURST, JEANNE CANAVAN, JAMES T. CHAFFIN, OFFICER BRADLEY, and OFFICER LONG,<br><br>    Defendants. | 1:14-cv-2815-WSD |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Darren Petty's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

On September 2, 2014, Plaintiff filed his Application for Leave to Proceed *In Forma Pauperis* [1] ("Application") in this action. On September 8, 2014, Magistrate Judge Russell G. Vineyard granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's *pro se* civil rights Complaint appears to assert a myriad of largely unintelligible claims pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims for false arrest, perjury, prosecutorial misconduct, and violations of Brady v. Maryland, 373 U.S. 83 (1963), all in relation to his arrest for, and eventual conviction of, theft by receiving. Plaintiff asserts that he was not given exculpatory evidence at trial relating to his arrest and perjury by the officers involved, and that it was only revealed to him at sentencing. Plaintiff asserts that, as a result, he was forced to take an Alford plea.[1] Plaintiff argues that "if this exculpatory evidence was made available plaintiff would [have] demanded a trial and [the] outcome [would] have been in his favor." (Complaint at 5).

Plaintiff is not seeking a release from confinement[2] or otherwise challenging his conviction or sentence pursuant to 28 U.S.C. §§ 2241 or 2254. Plaintiff instead seeks an unspecified amount in monetary damages.

---

[1] North Carolina v. Alford, 400 U.S. 25, 37 (1970) (the court may accept a defendant's guilty plea despite his claims of innocence where "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.").
[2] Plaintiff's Complaint does not state whether he is currently incarcerated.

## II. DISCUSSION

### A. Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See

Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. <u>Analysis</u>

To the extent Plaintiff seeks monetary damages for an alleged unconstitutional conviction or imprisonment, the Supreme Court has held that a plaintiff must first show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" pursuant to 28 U.S.C. §§ 2241 or 2254 before he can recover damages in a 42 U.S.C. § 1983 claim for an alleged unconstitutional conviction or imprisonment. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." <u>Id.</u> at 486. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u> at 487.

Plaintiff claims that if the exculpatory evidence of his false arrest and the perjury committed by the police officers had been "made available plaintiff would

[have] demanded a trial and [the] outcome [would] have been in his favor." (Complaint at 5). Plaintiff's § 1983 claims of false arrest, perjury, prosecutorial misconduct, and Brady violations thus, if successful, "would necessarily imply the invalidity of his conviction or sentence," and Plaintiff has failed to establish that his conviction has been reversed on direct appeal or on state collateral attack, or invalidated by a federal court's issuance of a writ of habeas corpus.[3] Plaintiff is thus barred from raising his § 1983 claims, see id. at 486-87, and Plaintiff's Complaint fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint [3] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 10th day of October, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Court has found no evidence that Plaintiff has filed a petition for federal habeas review to challenge his conviction or sentence.